UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SMITH, | Case No. 2:23-cv-02919-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | ECF Nos. 1 &2 |
| | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff, an inmate in the Sacramento County Jail, brings this action against Sacramento County itself and two sheriff's deputies. He alleges that defendants violated his Fourteenth Amendment rights by failing to protect him from an assault by another inmate.[1] He has failed, however, to allege adequately how each defendant is responsible for that violation of his rights.

---

[1] As a pretrial detainee, plaintiff's failure to protect claims arise under the Fourteenth rather than Eighth Amendment. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

As such, the complaint does not put defendants on notice of the claims against them. I will give plaintiff leave to amend so that he may better plead his claims. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

## Screening Order

### I.   Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As noted above, plaintiff alleges that, on October 23, 2023, he was attacked by another inmate while visiting with his wife. ECF No. 1 at 4. He broadly alleges that defendants are responsible for allowing this assault to occur, but I cannot tell how the deputy defendants were involved in failing to protect him. And, as to the county, plaintiff may only bring a section 1983 claim against this entity if the violation of his rights can be attributed to some policy or unofficial custom of the county. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). Having reviewed the complaint, I cannot discern any allegation of a specific policy or custom that contributed to the assault on plaintiff.

Thus, the complaint cannot proceed as written. It fails to give each defendant sufficient notice of the claims against them. Plaintiff must file an amended complaint that remedies this deficiency. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3