UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SMITH, | Case No. 2:23-cv-2919-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | |

On December 6, 2024, defendants filed a motion to dismiss. ECF No. 14. Plaintiff failed to timely file either an opposition or a statement of non-opposition to the motion. Therefore, on January 30, 2025, I ordered plaintiff (1) to show cause why this action should not be dismissed for his failure to prosecute and (2) to file an opposition or statement of non-opposition within twenty-one days. ECF No. 16. I also warned plaintiff that his failure to respond to the order would constitute a failure to comply with a court order and would result in dismissal of this case. Plaintiff has not responded to the order to show cause, and the time to do so has passed. Accordingly, dismissal is warranted.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

1  Court of any and all sanctions . . . within the inherent power of the Court.").

2  A court may dismiss an action based on a party's failure to prosecute an action, failure to
3  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
4  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
5  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
6  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
8  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
9  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
10 prosecution and failure to comply with local rules).

11 In recommending that this action be dismissed for failure to prosecute and failure to
12 comply with court orders, I have considered "(1) the public's interest in expeditious resolution of
13 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
14 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
15 drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16 Plaintiff has failed to respond to both defendants' motion and a court order directing him
17 to file an opposition or statement of non-opposition to defendants' motion. *See* ECF Nos. 14 &
18 16. Therefore, the public interest in expeditious resolution of litigation, the court's need to
19 manage its docket, and the risk of prejudice to the defendant all cut in favor of the sanction of
20 dismissal. My warning to plaintiff that failure to obey court orders will result in dismissal
21 satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*,
22 833 at 132-33; *Henderson*, 779 F.2d at 1424.[1] Plaintiff had adequate warning that dismissal
23 could result from his noncompliance. Accordingly, I find that the balance of factors weighs in
24 favor of dismissal.

25 Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district
26 judge to this matter.

---

28  [1] The January 30 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 16.

Further, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with court orders for the reasons set forth in the January 30, 2025 order.

2. Defendants' motion to dismiss, ECF No. 14, be denied as moot.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3